Town of Fairfield's Appeal from R. R. Commissioners.

poned. Whether we can or ought to follow those decisions in all cases is a question we will not now undertake to decide.

The Superior Court is advised that the trustees took a life estate; that the grandchildren took, as a class, a vested contingent remainder on the death of the testator; and that the class opened to let in after-born grandchildren.

In this opinion the other judges concurred.

*

## THE TOWN OF FAIRFIELD'S APPEAL FROM RAILROAD COMMISSIONERS.

Fairfield Co., Oct. T., 1888. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

Section 3489 of Gen. Statutes provides that the railroad commissioners, upon the petition of any railroad company or town, may order the removal of grade crossings, determining "what alterations shall be made, by whom done, and at whose expense." A later section gives a right of appeal from the order to the Superior Court. Held that under this statute the commissioners have power, where two highways cross a railroad at points so near that they can be brought together before crossing with slight inconvenience to the public, to make the change, although it involves the construction of a short length of new highway.

But the course of an established highway should not be changed if a separation of grades can be effected without such change, with as little cost to the railroad company as at any other point.

And the commissioners have not power to turn such highway from its course to make it a part of a plan for accommodating the public by new ways ordered by themselves.

The commissioners under the statute are not confined to an apportionment of the expense of an alteration between the town and the railroad company. If the facts are so unusual as to justify so extraordinary a proceeding, they are permitted to impose the whole burden upon the railroad company.

The same discretion rests with the Superior Court when the case is carried there by appeal. But the exercise of it by that court cannot be reviewed by this court.

Where, upon a petition of a railroad company to the commissioners for an order abolishing all the grade crossings in a town, the commissioners make such a general order, and on appeal by the town from the order so far as it affects one of the crossings, the order is held erroneous, and there is nothing in the record to show that the crossing in question was not considered by the court upon its own particular facts, the order remains unaffected so far as it relates to the other grade crossings.

[Argued December 19th, 1888—decided February 15th, 1889.]

APPEAL of the town of Fairfield from an order of the railroad commissioners for the removal of grade crossings within the town, the order having been made on the application of the New York, New Haven & Hartford Railroad Company ; taken to the Superior Court in Fairfield County. That court substantially affirmed the order of the commissioners by passing an order that all the grade crossings should be removed, but disaffirmed that part of the order which required the town to pay a part of the expense of the alterations required.  The town appealed to this court from the order of the Superior Court, its appeal being general in form, but limited by its reason of appeal to so much of the order as related to a crossing known as the Elwood crossing.  The railroad company appealed generally from the order, but in its reasons of appeal assigned only the assessment of the entire expense of the alterations upon the company.  The case is sufficiently stated in the opinion.

*J. H. Perry* and *W. B. Glover*, for the town of Farfield.

*L. Harrison* and *W. D. Bishop, Jr.*, for the railroad company.

PARDEE, J.  The statute (Gen. Statutes, § 3489,) provides that upon the petition of any town, city, borough or railroad company, the railroad commissioners may discontinue any grade crossing of highway by railway and determine at whose expense the change shall be made.  § 3491 allows an appeal to the Superior Court.

The New York, New Haven & Hartford Railroad Company petitioned the commissioners to abolish all highway

grade crossings upon its line in the town of Fairfield, of which there are several. They ordered the abolition of all these; also that the town of Fairfield should pay twelve thousand dollars towards the cost of executing the order. One of these is known as the Elwood crossing, and is at a point about one fourth of a mile west of the Southport station. At the station the public cross the railway at their pleasure as upon a public way. The commissioners, finding both of these crossings to be dangerous, ordered the abolition thereof, and the substitution therefor of one grade crossing at a point nearly midway between them.

The town appealed to the Superior Court from the order of the commissioners. That court affirmed the action of the commissioners so far forth as the abolition of all grade crossings is concerned; but disaffirmed it so far forth as it required the town of Fairfield to pay any part of the cost of the work.

The town of Fairfield appealed to this court on the ground that the court erred—

1. In ordering the Elwood crossing closed.

2. In ordering the Elwood crossing closed upon a new and different crossing being substituted therefor, involving a substantial change in the old highway.

3. In ordering the Elwood crossing closed and a new and different crossing substituted therefor, to the inconvenience of the traveling public and adjacent property owners, in order that the railroad company might be saved the expense of constructing a proper approach to its station in addition to separating the grades at the crossing as was there entirely feasible.

4. In ordering the Elwood crossing closed as part of an arrangement, a controlling element in and motive for which was a provision for and the protection of a *de facto* crossing which was not before the court, for the protection of which no application was pending, and which, so far as appeared, was not even a highway, but an approach to its station provided by the railroad company over its own land and subject to its control.

The New York, New Haven & Hartford Railroad Company appealed to this court for the following reasons:

1. That the court erred in that it assessed all of the expense of removing the grade crossings in the town of Fairfield upon the railroad company.

2. The court erred in that it overruled the claim of·the railroad company, that under § 3489 of the General Statutes it was the intent of the law that a portion of the expense of removing the grade crossings should be assessed upon the town in a case like the one at bar, and that the court had full power and ought to assess a portion of the expense upon the town.

3. The court erred in that it ruled that the power to apportion the expenses was a discretionary power, and in finding that under the facts as found the railroad company ought to bear the whole expense, and that there should be no apportionment of such expense between it and the town.

According to the finding, many persons pass from the north side of the track of the railroad company, to its Southport station, and to the village and wharves of Southport, on the south side thereof, at a point near the station, on foot and in vehicles, as upon a highway. But, in fact, they cross as trespassers. The railroad company has the right and power to prevent such crossing. Upon it alone is the responsibility, whatever it may be, for allowing the public to come into any place of danger upon its property. Therefore the public who desire to cross the track in the vicinity of the Southport station, have one highway, and one only for their use, namely, that at Elwood crossing. But the public have not asked for any other; it has not been determined by due process of law that their convenience requires any other; nor that it would require any other, even if the railroad company should bar the trespass crossing. The case before the commissioners, therefore, was that of a single highway crossing, with no suggestion even, in legal form, that public convenience required another, nor that the location of the existing one should be changed. And upon the finding it is quite feasible to place the highway and the railway at dif-

ferent grades at the Elwood crossing without change in the course of either.

The commissioners have power to deal with existing highways; and where two cross a railway at points so near to each other that they can be brought together before crossing, with great saving to the railroad company, and with inappreciable inconvenience to the public, they may make the change, although it of necessity involves the construction of a short length of new highway; such being regarded as alterations of the old, not as the establishment of new ways. If in the case before us they had found a highway crossing at the station, possibly it would have been within the reasonable exercise of their powers to have brought that and the Elwood crossing together. The saving to the railroad company might have been so great, and the inconvenience to the public so small, as to justify such action.

But upon the record the commissioners have determined that public convenience requires a highway crossing at the station, and that one will be there established, and assumed it to be now in existence, for the purpose of determining what shall be done in reference to the Elwood crossing. This they have not the power to do. So far forth as they are concerned, every established highway is entitled to hold its course unchanged, unless affected by another highway, if thereby separation of grades can be effected with as little cost to the railroad company as at any other point. They have not the power to make such way a part of a plan for the accommodation of the public by new ways, ordered by themselves, and therefore wrest it from its course.

Therefore upon the appeal of the town of Fairfield there is error in the judgment of the Superior Court.

The language of the statute is that " the commissioners shall determine what alterations or removals shall be made, by whom done, and at whose expense." Therefore they are not confined to an apportionment; they are permitted to apportion; also, if there be present such unusual facts as to justify a proceeding so extraordinary, they are permitted to impose the whole burden upon the railroad company.

The same discretion goes with the appeal to the Superior Court, and there it is exhausted. The exercise of it by the latter is beyond revision by this court.

Therefore upon the appeal of the New York, New Haven & Hartford Railroad Company, there is no error.

The directors of the railroad company brought three petitions to the railroad commissioners, in which, taken together, they asked for orders abolishing all grade crossings in the town of Fairfield. They might have asked for this in one petition. The statute permits it, not because the question concerning any crossing is necessarily controlled or even affected by that concerning any other, but for economy in instituting the proceedings.

The Superior Court, upon appeal, so far granted the prayer of the railroad company as to pass an order abolishing every grade crossing in the town. Unless the record speaks to the contrary, the presumption will be that every crossing was considered upon facts solely applicable to itself, precisely as if the petition had concerned it alone. Indeed the order, although by statutory permission one in form, is in fact an aggregation of as many special and particular orders as there are crossings; with measurements, specifications, and plans adopted to each by name. So too, unless the record speaks to the contrary, it is to be presumed that the assessment of expense attendant upon the change of each crossing was determined upon a consideration of the facts peculiar to itself.

It results therefore in reality that there are pending several petitions as distinct from each other as if there had been a different person defendant in each, in all of which the railroad company is plaintiff, in each of which one specified grade crossing is defendant. Therefore, so far as the railroad company is concerned, it is to be considered as having based an independent appeal upon each independent order; as a complaint to the effect that the assessment upon itself of the entire expense of the removal of each grade crossing is erroneous. We have decided that the final disposition of that question is in the discretion of the Superior Court.

So far as the appeal of the town of Fairfield is concerned, it is only with regard to the Elwood crossing. No appeal is taken with regard to any other crossing. The appeal, it is true, is general in form, but by the reasons of appeal is limited to this particular matter. Therefore, as to every other crossing the railroad company, the town, and all individuals have submitted to the order for its removal; the Superior Court has compelled the railroad company to pay the entire expense; thus, as to all these, all parties are concluded.

We have determined upon a question of law, that the order for the removal of the Elwood crossing is erroneous; therefore the question as to that crossing is in the Superior Court for a new trial; and if that court should abolish it hereafter, the question as to the apportionment of expense remains open. The record does not suggest, nor can there be any presumption, that the order of the Superior Court, removing all grade crossings, and assessing the entire cost upon the railroad company, was made dependent upon the legality of its order to remove the Elwood crossing.

In that portion of this opinion which relates to the appeal of the town of Fairfield, PARK, C. J., and CARPENTER, J., concurred; LOOMIS and BEARDSLEY, Js., dissented. In that portion of the opinion relating to the appeal of the railroad company, LOOMIS and BEARDSLEY, Js., concurred; PARK, C. J., and CARPENTER, J., dissented.